F. D. OELLIEN, Appellant, v. MRS. JEANETTE DUNCAN, Respondent.

St. Louis Court of Appeals. Submitted on Briefs, May 2, 1910. Opinion Filed May 17, 1910.

1. APPELLATE PRACTICE: Conclusiveness of Court's Finding. Where no declarations of law are asked or given and no exceptions saved to the introduction of evidence, it being impossible to determine the trial court's theory, its finding will not be disturbed on appeal.

2. CONTRACTS: Procuring Loan: Modification. A contract, by which the owner of property authorized an agent to procure a loan for a commission and agreed to furnish a certificate of title showing the title to be clear of all liens and taxes for the current year, clearly expressed the intention of the parties, and the agent could not thereafter annex new conditions thereto, by requiring the owner to give bond against mechanics' liens by persons then erecting a house on the property, or to procure subcontractors' and materialmen's receipts from such persons.

3. REAL ESTATE BROKERS: Commissions for Making Loan: Performance by Broker. In an action by an agent to recover commission for securing a loan on defendant's property, where the proposed lender secured by the agent would not lend the the money on the conditions provided in the contract of agency, but insisted upon a compliance with other conditions, the agent was not entitled to recover.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Taylor Young* for appellant.

(1) (a) The words "all liens" in the letter of November 7, 1907, set out in appellant's statement, means the right to file liens, as well as the actual filing thereof, without regard to the previous negotiations between Gatlin and Mr. Duncan, agents of the respondent in procuring the loan, on one hand, and appellant on the

other.  Douglass v. Zinc Co., 56 Mo. 388; Morgan v. Campbell, 22 Wall. 390.  (b)  If appellant's first contention should fail him he insists that the contract between appellant and respondent is to be found in the letters of November 7 and 8, 1907, and the conversations between appellant and respondent's husband about a week previous thereto.  When construed together there is no question but what it was the intention of the parties to protect appellant against the possibility of the filing of mechanics' liens.  The cardinal principle of construction is to ascertain the intention of the parties, as expressed in the words they have used, and in cases of doubt all the negotiations between the parties ought to be considered in giving the contract a construction. Farley v. Pettes, 5 Mo. App. 262; Davis v. Hendrix, 59 Mo. App. 444.  (2)  (a) A stipulation in a contract that it shall not be assigned is binding on the parties. Andrew v. Meyerdirick, 87 Md. 511; Tabler v. Sheffield Land Co., 79 Ala. 377.  (b)  A *fortiori* should such a stipulation in favor of a surety be upheld.  Sureties are favorites of the law.  The contract of a surety must be strictly construed, and imposes upon the surety only those burdens clearly within its terms, and cannot be extended by implication or presumption.  Mitchell & Bro. v. Railton, 45 Mo. App. 277; Beers v. Wolff, 116 Mo. 179; Gray v. Davis, 85 Mo. App. 451.

*Robert M. Zeppenfeld* for respondent.

(1)  In order to constitute a contract, there must be a proposal on one hand and an unconditional acceptance thereof on the other.  Whedon v. Ames, 28 Mo. App. 243; Scott v. Davis, 141 Mo. 213; Bruner v. Wheaton, 46 Mo. 363; Strange v. Crowley, 91 Mo. 287. (2)  Subsequent acts of the parties tending to show the construction put upon the terms of the contract by the parties themselves may be considered where the meaning is doubtful.  Ellis v. Harrison, 104 Mo. 270;

Gas Light Co. v. City of St. Louis, 46 Mo. 121. (3) A broker must prove title not clear of liens. Block v. Ryan, 4 App. Cas. (D. C.) 283; Brackenridge v. Claridge, 91 Tex. 527. (4) The object to be attained in construing a contract is to get at the intention of the parties. Words are to be construed according to a strict and primary acceptation unless from the context of the instrument and the intent of the parties to be collected from it they appear to be used in a different sense, or unless in their strict meaning they are incapable of being carried into effect. Burress v. Clair, 61 Mo. 133. (5) When a broker knows the status of his employers' title he is not entitled to a commission if a loan falls through by reason of a defect therein. Hynes v. Brettelle, 70 Mo. App. 344. (6) A real estate agent in order to receive commissions for procuring a loan must show that he had procured a party who was ready and willing to make the loan upon the terms offered by the principal. Hayden v. Grillo, 26 Mo. App. 289; Butts v. Ruby, 85 Mo. App. 405.

REYNOLDS, P. J.—This action was commenced before a justice of the peace to recover a commission claimed to be due for securing a loan on property of the defendant. From a judgment against plaintiff in the justice's court, plaintiff appealed to the circuit court, where the case was tried de novo before the court, a jury being waived. The contract in evidence and the foundation of the action authorized plaintiff to procure a loan on property of defendant, situated in the city of St. Louis, the concluding clause of it being as follows: "I hereby agree to furnish and pay for certificate of title, furnish you with fire and tornado insurance policies, and pay for preparing papers, recording deed of trust and pay you two and one-half (2 1-2) per cent commission for your services in procuring said loan. The title to be clear of all liens and taxes for the year 1907." This was signed by the defendant and is dated

Oellien v. Duncan.

November 7, 1907. Under the date is the signature of the plaintiff and under that is written, "I accept and agree to make above loan of five thousand dollars. Signed. J. A. Hurster." It appears by the testimony in the case that on this 7th day of November, when the parties had met and were talking the matter over after the foregoing contract had been signed, a question came up between them as to turning over to plaintiff or to his principal, Hurster, an indemnity bond which defendant held from the builder, who was erecting a house upon the premises and which house was not completed at the time. This bond was signed by a surety company and indemnified defendant against mechanics' liens and appears to have contained no provision to the effect that it could not be assigned by the parties without the consent of the bonding company. When the plaintiff and defendant and Hurster met on November 7th, and after the contract had been signed, they went together to the office of the attorney for plaintiff, who also was the attorney for Hurster, defendant taking with her her title deeds and abstract and other papers and also the bond. When the attorney examined the bond and found the clause in it providing against assignment without the consent of the bonding company, he called up the agent of that company on the telephone and asked if the company would consent to the assignment of the bond. The agent refused consent. Whereupon plaintiff and his attorney demanded that the defendant procure the receipts of the contractor, showing that he had paid out certain money theretofore paid by defendant for labor and material, saying that that would be satisfactory instead of the assignment of the bond. Defendant undertook to obtain these receipts but the contractor refused to turn them over, apparently taking offense at some remarks of the attorney. It was in evidence that the attorney had thereupon said that without the receipts he would advise his client Hurster not to make the loan. This, however, was denied by the witnesses for

plaintiff. At any rate, under date of the following day, plaintiff sent defendant a letter, addressed to her at her home in Lebanon, Illinois, in which he wrote that in pursuance of her instructions and confirmed by her letter, he begged to advise that he had made the loan and that he found that it would be impossible for defendant to furnish a title free from liens unless the contractor either presented subcontractor's and materialmen's receipts or a bond was given the principal of the plaintiff, guaranteeing him against such liens. This letter appears to have been received by the defendant the day after its purported date. There was evidence that defendant did not produce the receipts but insisted on standing on the contract for the loan as written and insisting that the requirement for the production of the receipts or the assignment of the bonds was not contemplated in the contract, and that under the contract she was not required to give a bond against mechanics' liens, demanded the money on the loan. Plaintiff, however, apparently standing on his demand, as set out in the letter last referred to, did not make the loan and the negotiation fell through, whereupon plaintiff sued for his commission on the theory that he had procured the loan.

It is unnecessary to go over the evidence at length. There were no declarations of law asked or given. At the conclusion of the trial there was a finding and judgment against defendant from which he has duly perfected his appeal to this court. Yielding to the presumption which always follows the action of the trial court in actions at law, when there are no declarations of law asked or given, there being no exceptions to the introduction of evidence in the record, and it being impossible to determine the theory upon which the learned trial court proceeded, we see no reason to disturb his finding. He had before him the testimony as to making the contract and as to the interpretation the parties put on it by their acts at the time, and his conclusion on that

testimony evidently was that it was not within the contemplation of the parties when they made the contract, that defendant should either give a bond against liens or turn over the receipt held by the contractor. That the contract must be held to have expressed and included all matters between the parties is clear. That the liens referred to were not subsisting liens and were not of record, appears by the testimony. That the attempt of plaintiff to interpolate new conditions into the contract after its execution, as he did by his letter of date Nov. 8th, cannot prevail, is also clear. Under these facts and in the state of the record, we think the finding and judgment are correct. We accordingly affirm the judgment. All concur.